*In re* LIQUIDATION OF GEORGETOWN LIFE INSURANCE COMPANY (Illinois Life and Health Insurance Guaranty Association, Appellant; The Director of Insurance *et al.*, Appellees).

First District (5th Division) No. 85—1150

Opinion filed August 8, 1986.—Rehearing denied November 5, 1986.

Jeremiah Marsh, Richard Bromley, William Carlisle Herbert, and Mary K. Butler, all of Hopkins & Sutter, of Chicago, for appellant.

Larry M. Wolfson and Julie Reynolds Shaw, both of Jenner & Block, of Chicago, for appellee Illinois Director of Insurance.

Vincent J. Heiny, of Snouffer, Haller & Colvin, of Fort Wayne, Indiana, for appellee Hilda Willmes.

JUSTICE LORENZ delivered the opinion of the court:

The Illinois Life and Health Insurance Guaranty Association (the Association) appeals from a circuit court order rejecting the Association's proposed method of meeting its statutory obligations to certain holders of annuity contracts. The sole issue before us is the construction of a limitation of liability provision of the Illinois Life and Health Insurance Guaranty Association Law (the IGAL) (Ill. Rev. Stat. 1985, ch. 73, par. 1065.80—1 *et seq.*).

We agree with the construction advanced by appellees, the Director of Insurance and Hilda Willmes (one of the affected annuitants)

and adopted by the circuit court. Accordingly, we affirm.

The 18 policyholders involved in this controversy all hold annuity contracts with Georgetown Life Insurance Company, which has been liquidated by court order. Under the provisions of the IGAL, upon the liquidation of Georgetown, the Association became obligated to: (a) guaranty, assume, or reinsure these policies; (b) assure payment of Georgetown's obligations to these policyholders. Ill. Rev. Stat. 1985, ch. 73, par. 1065.80—8(2).

The Association's liability is limited, however, by section 531.08(9) of the IGAL, which provides in pertinent part:

"[T]he aggregate liability of the Association shall not exceed $100,000 in cash values, or $300,000 for all benefits including cash values with respect to any one life. Ill. Rev. Stat. 1985, ch. 73, par. 1065.80—8(9).

The Association contends that only the $100,000 limitation applies to annuity contracts. These contracts, as the Association concedes, may provide for a number of different benefits including:

(1) the right to withdraw part or all of the cash value of the contract before maturity;

(2) the right to accelerate the maturity date to a date six months after such an election and, on that date to withdraw the proceeds (the remaining cash value) in a lump sum;

(3) the right to receive monthly income; and

(4) death benefits.

The Association contends that because the calculation of all of these benefits is based upon what it defines as cash value (the amounts paid by the policyholder together with accumulated interest), the $100,000 limitation applies to all these benefits and the $300,000 limitation has no applicability.

The Director of Insurance and Hilda Willmes contend that the $100,000 limitation on cash values applies only to the immediate cash payment that an annuitant may demand (benefit (1) above). The $300,000 limitation would apply to the other benefits (including (2) through (4) above) as well as this immediate cash payment. Thus an annuitant receiving $100,000 in an immediate cash payment could still receive up to $200,000 in the other benefits.

■■ We find this latter construction, which was adopted by the circuit court, to be the correct one. The $300,000 limitation applicable to "other benefits" would have no meaning with respect to annuity contracts under the Association's construction. A statute should be construed so that no clause is rendered superfluous or meaningless. *Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 425 N.E.2d

1371, *aff'd* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.

■ Neither the IGAL nor the Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 613 *et seq.*) defines the term cash value. Examination of the legislative history of the IGAL, including the Senate and House debates and the *Final Report to the Governor and 82d General Assembly* by the Illinois Insurance Law Study Commission, reveals no explanation of the use of this term in the IGAL. But the IGAL is to be liberally construed so as to effect its purpose of protecting annuitants against failure in the performance of contractual obligations due to the insolvency of the insurer. (Ill. Rev. Stat. 1985, ch. 73, pars. 1065.80—2, 1065.80—4.) The annuitants here, by the Association's own computation as of August 1, 1983, had policies with cash value ranging from approximately $107,000 to $610,000. The construction adopted by the circuit court better serves to effectuate the statute's goal of protecting those policyholders.

The judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.